Boulbin, J.,
delivered the opinion of the court.
This case comes before us on a writ of error to a judgment of the Circuit court of Patrick county, in a case of ejectment. Both parties claim under the same person, James Nowlin; the plaintiff in ejectment, under a deed of trust executed by said Nowlin on 2d of March, 1846, and the defendant under a sale by the same party, made prior to the execution of the deed of trust aforesaid, accompanied by delivery of the possession of the premises, payment in full of the purchase money, and the execution and delivery of a deed or title bond for the property, which was mislaid and never recorded, and on adverse possession of the pro *140 Perty under this claim and color of title for more than tweuty years prior to the institution of the suit.
On the trial, the plaintiff below made out a complete paper un(jer James Nowlin, proved the value of rents; and rested his case. The defendant then proved the sale above mentioned as the foundation of his claim or title; and proved further, that after he had purchased and paid for the land in dispute, as above* set forth, and had received a deed or title bond therefor, and had been put in possession of the premises, he “immediately went to work, erected a dwelling house thereon, and put up other buildings.” And then, in further support of his claim to the land, he introduced a witness, to prove that he had been in actual adverse and peaceable possession of the premises in controversy for more than twenty years before the institution of the suit; but the court excluded the testimony, being of opinion “that adversary possession without title could be shown before the execution of the deed of trust from Nowlin to Staples, but not afterwards.” To this ruling of the court the defendant below excepted, and his bill of exceptions was signed and sealed by the court. The case was then submitted to the jury, who rendered a verdict for the plaintiff below for the premises in controversy, and $25 damages.
The defendant below then moved the court to set aside the verdict and award him a new trial, because the plaintiff had wholly failed to prove that the defendant was or ever had been in possession of the premises claimed. This motion was overruled by the court, and judgment was entered for the plaintiff below in accordance with the verdict; and, thereupon, the defendant below again excepted.
To this judgment a writ of error was awarded by a judge of this court, on which the case is now before us.
*141 It is very clear that the possession of a mere intruder on the land of another, without pretence or color of title, no matter how long such possession may continue, will not be deemed in law adverse to the title of the true owner, and can never ripen into a good title. But it is equally clear, that possession under color and claim of title does amount to adverse possession; and if held long enough will, under our laws, ripen into a good title; and “it has never been considered as necessary to constitute an adverse possession that there should be a rightful title.” Adams on Ejectment, appendix, p. 552, and cases there cited. “ Adverse possession is a possession under color and claim of title.” Ibid, p. 553, and cases cited. And it is wholly immaterial whether this claim of title be “ under a good or a bad, a legal or an equitable title.” Shanks v. Lancaster, 5 Gratt. 510.
This latter proposition should be qualified, however, by stating that the holder and claimant of property under an equitable title derived from a vendor or grantor, who retains the legal title for future conveyance, does not hold adversely, but in subordination to the grantor’s title, and no length of possession under such title will ripen into a legal title. See opinion of this court delivered by Judge Allen, in Clarke v. McLure, 10 Gratt. 305. The case is different, however, when the defendant in ejectment or vendee claims absolute title under a deed purporting to convey title. In such case he enters and holds adversely to all the world. In the language of Judge Allen, in Clarke v. McLure, he enters and holds “ as vendee of the absolute estate, and not in subordination to a title which he supposed to be extinguished by his own deed. The defendant holding in his own right, by a deed which purported to pass the legal title, there was nothing in *142 re^a^on °f the parties which estopped him from showing the plaintiff had no title whatever.” Ibid, p. And on same page, commenting on the case of The Society for the propagation of the Gospel v. Clarke, 4 Peters R. 480, Judge Allen said: “The court held that the town claimed as grantee of the state; that their title, though derivative from and consistent with the plaintiff’s title, was a present claim in fee, in exclusion of the plaintiff’s, and their possession was adverse. This, therefore, was the ordinary case of a vendee, to whom a deed has been made. He claims through, but recognizes no subsisting title in the vendor.” And in commenting on another case, referred to in the same opinion, Bradstreet v. Huntington, 5 Peters R. 402, Judge Allen says: “ The court held, that one who enters under a deed purporting to convey to him an estate in fee, claiming to be sole and exclusive and absolute owner in fee thereof for forty years, may be regarded as holding adverse to all the world.” And the j'udge goes on to say : “In this the same principle is affirmed as in the other cases, the entering and holding was not in subordination to a subsisting admitted title in another.” These principles, he says, are entirely consistent with the principles established by this court in the case of Williams v. Snidow, 4 Leigh 14. “They establish the rule as the law of that tribunal, that a person having complete legal title and possession, or entering under a deed purporting to convey the legal title, and holding the exclusive possession, is considered as holding adversely to all the world, including those from whom his title an,d possession are derived.
The entry, or the holding in such case, imports no recognition of a subsisting title in another, by whose permission and in subordination to whose subsisting and continuing title the party enters and holds.” And *143 he attributes the same effect to a defective conveyance, believed to be good by the parties. The continuing title of the grantor is not recognized by taking posses-' sion under such a deed, “the quo animo with which he enters and holds is the same as if the conveyance clothed him with the complete title; and, therefore, such possession, so taken and held, may be adverse to ■the legal owner.” "When the contract is executory, however, and the legal title is left with the grantor for future conveyance, the privity between the parties forbids the idea of adverse holding.
Whether the contract is executory or executed, whether the defendant or vendee claims title under an absolute deed or not, is a question of fact for the jury, and not of law for the court. Adams on Ejectment, appendix, p. 600, and cases there cited.
Now, the proofs in this case show that prior to the execution of the deed of trust under which the plaintiff below claims “the said James Nowlin bargained and sold the said tract of land to his son, who was then seventeen years of age, received the entire purchase money, executed a deed or title bond thereto, which was lost or mislaid and never entered of record, and delivered it to the said Columbus Nowlin, and put him in the possession of the premises, who immediately went to work, erected a dwelling house thereon and put up other buildings.” The defendant below then offered a witness to prove that he had been in actual, adverse and peaceable possession of the land thus acquired, for more than twenty years before the institution of the suit. The court excluded this testimony; being of opinion, as above stated, that “adversary possession without title could be shown by the defendant before the execution of the deed of trust from Nowlin to Staples, but not afterwards.”
*144 How a possession conceded by the court to be adJ versary against the father before the execution by him of the deed, could cease to be adversary against the ^rus^ee ajier execution of the deed of trust, withou(; action or consent on the part of the son, we are wholly at a loss to conceive. It would seem to be much more reasonable to hold the converse of the proposition to be true—that there was no such actual privity between the son and the trustee as should prevent the former from holding adversely to the latter— whilst as between the son and father on the facts proved, there might perhaps, in one aspect of the case, be such privity. But, however that may be, and without deciding what privity might exist between the father and son, or the grantee of the father and the son, should the jury believe from the testimony that the claim of the son was under a title bond and not a deed; it is perfectly clear under the principles of law above laid down, that if the claim was under a deed, purporting to convey the title to the property, whether recorded or not (which is wholly immaterial to its validity as a deed as between the parties), an exclusive possession under such title is adverse not only against the grantor himself, but against all the world. Whether the claim of the plaintiff in error in this case was under a deed or a title bond was purely a matter of fact for the consideration of the jury. If the claim was under a deed, although not recorded, the evidence of adversary possession was clearly admissible, and the period of the continuance of such possession offered to be proved was, under the Virginia statute of limitations, more than sufficient to constitute a good title, and bar the demand of the defendant in error. By the action of the Circuit court the plaintiff in error was deprived of this defense, *145 and the case, in effect, was taken from the jury and decided, both on the facts and the law, by the court. In this we are of opinion that the Circuit court erred. The judgment must therefore be reversed, with costs to the plaintiff' in error, the verdict set aside and a new trial awarded, and the cause remanded to the Circuit court with instructions on the same or a like state of facts to admit the excluded testimony.
Judgment Eeversed.