# JANUARY TERM.

## CHARLESTON.

### KETCHUM *v.* SPURLOCK.

Submitted January 16, 1891.—Decided January 24, 1891.

| | |
|---|---|
| 34 | 597 |
| 35 | 561 |
| 36 | 50 |
| 34 | 597 |
| 43 | 473 |
| 34 | 597 |
| 45 | 102 |
| 45 | 553 |
| 34 | 597 |
| 52 | 629 |
| 34 | 597 |
| 54 | 32 |
| 54 | 619 |
| 34 | 597 |
| 57 | 464 |
| 57 | 470 |
| 34 | 597 |
| 58 | 457 |

1. POSSESSION.

    Where a person is in possession of land, claiming it under a writing conferring upon him a right thereto, such possession is regarded as adverse *prima facie* against all persons except his vendor, where such writing is an executory agreement, contemplating a future conveyance; and, if such writing is a deed conveying the legal estate, it is adverse also to the vendor.

2. POSSESSION.

    Where such person is in possession claiming under such deed by occupation, cultivation and inclosure, his possession has *prima facie* the quality or character of exclusiveness requisite as one of the elements constituting adversary possession.

3. CONSTRUCTION OF AGREEMENT—PUNCTUATION.

    Bad grammar or punctuation will not vitiate an instrument or overrule or control its meaning.

*Brown & Jackson* for plaintiff in error, cited 2 Min. Inst. 506; 1 Lom. Dig. 795; 2 Rob. 269; 1 Gratt. 186, 190; 25 Gratt. 141; 24 W. Va. 238 p't 1, Syll.; 6 S. & E. 21; 18 W. Va. 598; 10 Gratt. 231; 25 W. Va. 757.

*J. E. Chilton* for defendants in error, cited 26 W. Va. 630; 27 W. Va. 468; 24 W. Va. 239; 1 Gratt. 195; 28 W. Va. 52-54; 28 W. Va. 820 p't 1, Syll.; Id. 824, 825; 8 Gratt. 12; 2 W. Va. 187; 19 W. Va. 323; 27 W. Va. 511.

BRANNON, JUDGE:

This is a writ of error sued out by Melvin Spurlock to a judgment of the Circuit Court of Cabell county, rendered 23d February, 1888, in an action of ejectment brought by Alice Ketchum and others against Spurlock.

The assignment of error is that the court refused to set aside the verdict of the jury finding the land for the plaintiffs; and under this assignment the briefs of appellant's attorneys contend that the verdict should have been set aside—*First*, because the plaintiffs failed to make out a *prima facie* case; *second*, because the defendant showed a better title.

Let us then, first, see whether the plaintiffs showed a case justifying their recovery *prima facie.* The plaintiffs showed no derivation of title from the State, but gave in evidence a deed dated August 11, 1866, from Richard Adkins to Samuel Adkins, conveying the tract of fifty acres of land in controversy, and proved that at the date of said deed, in 1866, "said Samuel Adkins took possession of the land mentioned and described in said deed, and set out in the declaration, under and by virtue of said deed, and held the same by occupation, cultivation and inclosure continuously from that date till his death, which occurred in 1880 ; that since the latter date the widow and heirs at law of the said Samuel Adkins, deceased, held the said land continuously by occupation, cultivation and inclosure till some time in 1884, when the said defendant took actual possession of about twenty five acres of the said land, and has ever since held and occupied the same ; that the said Samuel Adkins caused the said land to be entered on the land-book of said county, and charged with taxes, and paid all taxes so charged thereon till his death ; that since his death the said land was continued upon said land-books in the name of Samuel Adkins' heirs, the plaintiffs, since the death of Samuel Adkins, and paid the taxes charged thereon, and he in his lifetime paid the taxes to the time of his death."

Thus the plaintiffs relied, not on title derived from an original source, but on title arising from adversary possession under the statute of limitations under the color and claim of title created by said deed from Richard Adkins to Samuel Adkins. That adversary possession for the period fixed by the statute operates to create or transfer to the party in possession a title which will enable him either to defend his possession or recover possession against a title

once the better title, is well settled. *Taylor* v. *Burnsides,* 1 Gratt. 165 ; *Core* v. *Faupel,* 24 W. Va. 242 ; *Hall* v. *Hall,* 27 W. Va. 480 ; 1 Lomax, Dig. tit. 24, § 16, p. 621 ; 3 Wait, Act. & Def. 19 ; *Nowlin* v. *Reynolds,* 25 Gratt. 137.

But the counsel for appellant contend that the facts proven as certified by the bill of exceptions from which I have above quoted, do not make out a case of adversary possession, because from them it does not appear that such possession was adverse or exclusive. I think the adverse character of the possession in a legal sense clearly appears. There is the deed from Richard Adkins to Samuel Adkins purporting to convey the legal title, and possession under it, and this imports a claim against the world, and, taken alone, makes it hostile against even Richard Adkins, the grantor; for while the possession of a vendee under an executory contract contemplating a future conveyance is not hostile or adverse to the vendor, yet, where the purchaser is in possession under a deed purporting to convey the land he is holding adversely to the world, including the vendor from whom his title and possession are derived. *Core* v. *Faupel,* 24 W. Va. 239 ; *Nowlin* v. *Reynolds,* 25 Gratt. 137 ; opinion in *Clarke* v. *McClure,* 10 Gratt. 305. How could the adverse character of the possession be proven? Not by a witness stating that the holding was adverse. That would be stating matter of opinion of the law. The facts being given, the law determines whether the possession is or is not adverse. When once we know that possession is held by a person under a claim of title in himself, and the possession is of the kind required by law, and there is nothing shown to deprive it of its hostile character, it is hostile and adverse, and, where the party is claiming under an instrument purporting to pass the legal title, it is adverse even to the grantor. Thus, so far as regards the character of possession, that is, whether it was adverse or not, it would be adverse against defendant, even if he derived title from Richard Adkins.

Next, was such possession exclusive? Why is it not exclusive? Here is a sole grantee in possession under his deed, in actual possession "by occupation, cultivation and inclosure," holding against the world in a legal point of

view, or under a legal presumption, as I think I have shown, without any appearance of a community of interest or possession with another, without a syllable of evidence to suggest that anybody else participated in the possession of the tract until the entry of the defendant, and we are asked to say that it is not an exclusive possession. The law on such facts will say that it is exclusive *prima facie.* The case of *Core* v. *Faupel,* 24 W. Va. 238, cited by counsel for appellant, lays down the proposition that, "to constitute such possession as will bar the title of the legal owner of the land, it must be adverse, actual, visible, and exclusive, continuous, and under a claim or color of title;" and that, "if any one of these constituents is wanting, the possession will not effect a bar of the legal title." The only elements of this definition of adversary possession pointed out by appellant's counsel as wanting in the present case are the elements of adverseness and exclusiveness; and we hold that these qualities are not absent from the possession in the present case, and that the possession in it fills the measure set up in the case of *Core* v. *Faupel.*

The next question is, do the plaintiffs connect themselves with Samuel Adkins's right and possession by showing that they are his heirs; for they sue as such? This depends largely upon the grammatical construction and punctuation of one of the clauses which I have quoted above from the certificate of facts. After stating that Samuel Adkins was charged with and paid taxes during his life, the clause in question states "that since his death the said land was continued upon said land-books in the name of Samuel Adkins's heirs, the plaintiffs, since the death of Samuel Adkins and paid the taxes charged thereon, and he in his lifetime paid the taxes to the time of his death." The appellant's counsel would place a semi-colon after the word "heirs," and make the word "plaintiffs" the nominative to the verb "paid," which would punctuate the plaintiff's out of this Court, for there would then be nothing to show that the plaintiffs are heirs of Adkins; while the other side would make the noun "plaintiffs" in the objective case, as a noun in apposition to the noun "heirs," and thus make the language assert that the plaintiffs are such

heirs. The composition is bad; but the plain intention of the language is to declare that Samuel Adkins was charged with and paid taxes in his lifetime; and that the plaintiffs, as his heirs, were charged with and paid taxes after his death. Where intention is clear, too minute a stress is not to be laid on grammatical accuracy, for it is an old legal maxim, *"mala grammatica non vitiat chartam;"* and punctuation is not regarded in construction against intent. 2 Min. Inst. 950; 1 Bish. Crim. Proc. §§ 348, 354; Bish. Stat. Crimes, §§ 81, 243.

But really, as to this point, there is no inaccuracy of grammar or punctuation; for, as the printed record is before us, the word " plaintiffs," with its article, follows immediately the word " heirs," and the words " the plaintiffs " are properly set off with commas, as they should be in this instance, in a case of apposition; so that the word " plaintiffs " limits the meaning of the word " heirs," and denotes that they are the same persons as the heirs, according to the grammatical sense of a noun in apposition; and thus the location of the words, the punctuation and the plain meaning derived from the whole context concur in indicating that the word " plaintiffs " is not nominative to the word " paid," but in apposition to the word "heirs," and declares that the plaintiffs are heirs, though we have to supply a word in order to give the verb " paid" a nominative. The presence of the word " and " would be against making the word " plaintiff's" such nominative; but if after it we supply the pronoun " they," as nominative to " paid," we but subserve and execute the manifest intention. This avoids the objection of punctuating away the verdict of the jury, against the plain intention. So we hold that the first proposition of the appellant, namely, that plaintiffs failed to make out a *prima facie* case, is not sustainable.

Now, as to the proposition that the defendant showed a better title. The defendant gave in evidence the record of a chancery suit brought in the Circuit Court of Lincoln county, at latest as early as the year 1870, by John Alford against Richard and Samuel Adkins and others, to sell lands of said Richard and Samuel Adkins to pay a debt

against them. The bill is very general in its description of the land it sought to sell. It alleged that Richard Adkins owned land in Sheridan township, in Lincoln county, " viz., one tract of three hundred acres, one of eighty six acres, one of twelve acres, one of one hundred and fifty acres, and ⸻ of twenty five acres, aggregating five hundred and seventy three acres;" and that the said Samuel owned land in said township, " viz., one tract of twenty five acres, one tract of forty eight acres, and one tract of one hundred and four acres, aggregating one hundred and seventy seven acres." A decree of sale in the case directed the sale of " the unsold land in plaintiff's bill mentioned." The special commissioner appointed to sell, filed a report that, under decree in another case, there had been sold, for a paramount claim, all the land which he had been directed to sell,· except two hundred and fourteen acres, and that he had sold the two hundred and fourteen acres, not saying of what tracts in the bill mentioned the two hundred and fourteen acres was made up. By his deed the commissioner conveyed to the purchaser Alford ·one tract of twelve acres, and one of twenty five acres, as owned by Richard Adkins, and one of twenty five acres, one of forty eight acres, and one of one hundred and four acres, as owned by Samuel Adkins. Alford conveyed to Spurlock two hundred and fourteen acres as an entire tract, by metes and bounds. The defence claims that the land sold under the chancery suit covers the land in controversy, and that, as both Richard and Samuel Adkins were parties to that suit, Samuel Adkins could not set up his possession as adverse during its pendency but only from the date of the deed of the commissioner conveying the land to the purchaser, 12th January, 1876, and that as Spurlock entered under Alford in 1884, there had not elapsed an adverse holding of ten years under Samuel Adkins when Spurlock entered.

The case of *Creigh* v. *Henson*, 10 Gratt. 231, is relied on for appellant. I do not see its force in this case. It holds that as against the trustee in a deed of trust, and the person to whom he sells, the grantor in possession is a tenant at sufferance, and not an adversary

claimant, and that a purchaser under him by executory agreement is likewise so, and their possession not adverse. The person seeking to set up adversary possession held under an agreement, not a deed conveying the estate.

The case of *Lynch* v. *Andrews*, 25 W. Va. 757, holds that a party does not hold adversely so as to avail himself of the statute of limitations during the pendency of the suit, and that a purchaser from him during its pendency is in no better plight as to those claiming under and through the suit.

This is good law, but the case of the defendant does not come under it. (1) The sale was of two hundred and fourteen acres, without further description, and the decree directed the commissioner to convey the land sold. He conveyed, not a tract of two hundred and fourteen acres, but five separate tracts, the deed not even saying that they made up two hundred and fourteen acres, though when added they do. The evidence, either record or other, must show that the land conveyed is that directed to be conveyed, for the commissioner has no authority to convey any other. In *Cales* v. *Miller*, 8 Gratt. 6, Judge ALLEN said that, as the decree merely directed the commissioner to sell and convey a tract of one thousand and one hundred acres referred to in the bill, such a general description of the land did not satisfactorily prove the authority of the commission to convey the tract conveyed, and that it was incumbent on parties claiming under the deed to show by the record what specific tract the commissioner was directed to sell and convey. In *Waggoner* v. *Wolf*, 28 W. Va. 820, it was held that, when a commissioner's deed is offered to prove title, it is necessary to introduce so much of the record as will identify the land ; that is, show that the land ordered to be sold is the same as that conveyed by the commissioner. That is a question of the commissioner's power. But suppose all the record is shown, but when shown it does not satisfactorily appear that the land conveyed is the same that was directed to be conveyed, the deed can not pass title. Here it does not appear that the five separate tracts conveyed were the land sold. True, the bill specified those five tracts as owned by the defendant, but the decree

of sale did not distinctively authorize their sale, but only unsold land, without specification. Were these tracts unsold? We do not know. There is nothing to show that these five tracts conveyed were the same land sold, except from the circumstance that when added they aggregate the quantity sold, two hundred and fourteen acres. (2) But, if we concede that the land sold and directed to be conveyed is the same as that conveyed, yet there is nothing to show the identity of that land with the fifty acres sued for in this case. No tract mentioned in the record of the chancery suit or commissioner's deed is called fifty acres. It must appear, not only that the commissioner conveyed the very land he was authorized to convey to pass title, but it must also appear that the land sold is that which the plaintiffs claim in their suit, in order to render their possession not adversary, under the principles laid down in *Lynch* v. *Andrews, supra.*

So we conclude that the defendant neither showed better title, nor anything to deprive the plaintiffs of the benefit of the possession of Samuel Adkins and his heirs, the plaintiffs. Judgment affirmed.

AFFIRMED.