ANN R. BASSETT *vs.* INHABITANTS OF HARWICH.

Barnstable. January 13, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Way*, Highway by prescription.

If a strip of land adjoining a highway is used by the public for twenty years, the fact that it was so used in pursuance of an attempt on the part of the owner to dedicate it, which failed by reason of Pub. Sts. c. 49, § 94, does not make the use less adverse or prevent the extension by prescription of the highway over the strip of land so used.

Use by the public for twenty years, unexplained, is enough to establish a highway by prescription without any act of recognition on the part of the town or city.

It always has been assumed that the establishment of a highway by prescription necessarily imposes liability for a defect therein under Pub. Sts. c. 52, § 18. R. L. c. 51, § 18.

TORT against the town of Harwich for an injury caused by falling over a projecting root of a tree in a footpath alleged to be part of a highway. Writ dated March 30, 1900.

At the trial in the Superior Court, before *Pierce*, J., the defendant asked for the following instructions:

1. If the owner of the land adjoining the town way where the plaintiff was injured, moved his fence in upon his land, leaving unenclosed a strip on which the tree root projected, that would be evidence of a dedication of such strip to the use of the public, and a permission to the public to use it, and there would be no presumption that the use of it afterwards by the public for a path or for a sidewalk was adverse, in the absence of some evidence that such use was against the will of the owner; that is, there would, by simple evidence of the use by the public, be no presumption that such use was adverse so as to make the same a public way by prescription.

2. There is no evidence in the case that warrants the jury in finding that there has been such adverse use of the strip of land left outside of the fence by the owner when he moved it as will make it a part of the public way by prescription.

The judge refused to give these instructions. The jury returned a verdict for the plaintiff in the sum of $1,511.67; and the defendant alleged exceptions.

*H. P. Harriman & J. F. Neal,* for the defendant.

*H. M. Knowlton & R. A. Hopkins,* for the plaintiff.

HOLMES, C. J.   This is an action for personal injuries alleged to have been caused by a defect in the highway.   The defendant denied that the place of the accident was within the highway.   It appeared that the place was outside the lines of the location but that it had been travelled by the public for over twenty years.   There was some evidence that the fence had been set back at that point by the owner of the land in order to straighten the way, and the defendant's contention was that, if that was the fact, it would be evidence of a dedication of the strip to public use, and of a license, and that the use by the public could not be presumed to be adverse in the absence of further evidence.   On this ground a ruling was requested that there was no evidence that the place of the accident was a part of the highway by prescription.   The ruling was refused and an exception was taken.

The defendant's position seems to rest upon a confusion of ideas.   It seems to assume that the assent of the landowner to the use of his land necessarily makes that use permissive. Such of course is not the law.   If the assent is to use as of right, it helps rather than hinders the gaining of a title by prescription.   If, for instance, a landowner makes a deed purporting to grant a right of way in fee, and the deed turns out to be void, the production of the deed would be convincing evidence that the subsequent use of the way was at once by the assent of the landowner and adverse.   *Boston & Worcester Railroad* v. *Sparhawk,* 5 Met. 469, 474, 475.   *Society for the Propagation of the Gospel in Foreign Parts* v. *Pawlet,* 4 Pet. 480, 506, 507. *Macklot* v. *Dubreuil,* 9 Mo. 473, 480.   *Nowlin* v. *Reynolds,* 25 Gratt. 137, 143.   *Ketchum* v. *Spurlock,* 34 W. Va. 597.   So if the evidence tended to prove an attempted dedication, although the dedication failed because of Pub. Sts. c. 49, § 94, it would tend to show that the use thereafter was under a repudiation by the owner of any right to stop it.   It would help, not hinder, the proof of an adverse use.   Use by the public under such conditions, like a use wholly unexplained, if continued for twenty years, might be presumed to have been adverse and to have established a public way.   See *Valentine* v. *Boston,* 22 Pick. 75, 81.

It is argued on grounds of public policy that even if the public has used the place adversely for twenty years the town ought not to be liable unless it has done some act in recognition of it as part of the highway, such as the making of repairs. This question is open only so far as it concerns the evidence necessary to prove a highway by prescription. On that question it is settled that use by the public, unexplained, is enough. *Commonwealth* v. *Coupe*, 128 Mass. 63. *White* v. *Foxborough*, 151 Mass. 28, 43, 44. The defendant does not attempt to argue that there may be a highway by prescription for other purposes which nevertheless is not a highway for the purposes of liability under Pub. Sts. c. 52, § 18. The contrary always has been assumed. *McKenna* v. *Boston*, 131 Mass. 143, 146. *Veale* v. *Boston*, 135 Mass. 187, 189. See *Guild* v. *Shedd*, 150 Mass. 255, 256.

*Exceptions overruled.*