## CURTIS MANUFACTURING CO. *v.* CITY OF WORCESTER ET AL.

Worcester, December, 1902.

*Easements — Prescription — Public User — When Adverse — When to be Deemed Permissive.*

The individual respondents claim private, and the City of Worcester and the Attorney General appearing through the City Solicitor public, rights of boating, bathing, skating, shooting and fishing in the petitioner's millpond, with a particular right of access thereto by means of a way leading from one public road to another across the petitioner's mill yard by the edge of the dam.

The pond is a large artificial mill pond situated on lands of the petitioner and containing about sixty-five acres. From 1834 when the pond was created until within about twenty years, the locality was well out in the country and the shores of the pond were largely wild land. Now it is in a thickly settled part of a large manufacturing city, which has acquired a portion of the shores of the pond for park purposes. For over fifty years prior to 1900 every one who has wanted to do so has fished the pond, boated and skated on it, and bathed in it at any desirable point out of sight of the houses and highways. Owners of adjoining house lots have kept boats for their own use or for hire, and from 1880 to 1885 a steam boat made regular trips about the pond. For over fifty years persons going to and from the pond have made use of a foot path across the mill yard and over the dam. This path was built and maintained however by the owners

of the property, and they themselves have made daily use of it for mill purposes. For fifty years prior to 1900 Mr. Curtis, predecessor in title to the petitioner, lived close to and in view of the pond, knew of the above user, kept and used a boat himself, and sometimes joined the skaters expressing his pleasure at having them enjoy the sport. Prior to 1900 none of the user above stated interfered in any way with the use of the property by its owners. There was no evidence of any expressed claim of right on the part of any person making use of the pond or path, nor of expressed objection thereto by the owners. Since 1836 the owners of the pond have exercised or leased to others the exclusive right to cut ice there.

It is not necessary in this case to go very far into matters of custom, dedication or prescription, because, although each rests on a different, though not necessarily incompatible, principle, there is one common ground of defense against them all; namely, permission; using that word in its ordinary acceptation as signifying the leave or license allowed to others by one who claims dominion, and not in the sense used in the recent case of Bassett v. Harwich, 180 Mass. 585, of submission by one who, whether necessarily or unnecessarily, recognizes in others a right superior to his own title.

In the present case there is no evidence of any expressed claim of right on the part of the respondents, or of any express acquiescence on the part of the petitioner or its predecessor in title. But it is argued that mere user by the public, wholly unexplained, is sufficient to establish a right by prescription and to authorize a presumption of a grant; and counsel cite Jones on Easements, Section 186. The section in Jones on Easements in which this statement occurs, however, is a section dealing with the matter of burden of proof, and in the only Massachusetts case there cited (Barnes v. Haynes, 13 Gray, 188) it was found as a fact that the user was " as of right." This is clearly brought out

in the later cases which cite Barnes *v.* Haynes, particularly McCreary *v.* Boston & Maine Railroad, 153 Mass. 300.

A claim of right need not be expressed, and may be inferred or presumed from the circumstances of the case, but mere user for the requisite period, wholly unexplained, and not inconsistent with permission, is not sufficient to create a presumption of a claim of right, or to necessitate a finding of prescription. Brace *v.* Yale, 10 Allen, 441. Kilburn *v.* Adams, 7 Met. 33. First Parish *v.* Beach, 2 Pick. 60, note. Hooten *v.* Barnard, 137 Mass. 36. McCreary *v.* Boston & Maine R. R., 153 Mass. 300. Sprow *v.* Boston & Albany R. R., 163 Mass. 330. Slater *v.* Gunn, 170 Mass. 509. Moffatt *v.* Kenny, 174 Mass., 311 at 314. (Note: But see Aikens *v.* N. Y., N. H. & H. R. R., 188 Mass. 547 at 549.) In Bassett *v.* Harwich, *supra,* the matter under consideration was the effect of an attempted, but invalid, dedication. When the Court says that, the " use by the public under such conditions, like a use wholly unexplained, if continued for twenty years, might be presumed to have been adverse," it obviously means that the circumstances in that case are sufficient to raise from the use made of the way by the public, a presumption of a claim of right regardless either of the matter of the attempted dedication, or any other explanation.

It does not seem to me that the circumstances in the case at bar are sufficient to warrant any presumption either of a claim of right on the part of the people who have made use of the petitioner's property or of acquiescence therein on the part of the petitioner and its predecessor in title. The matter is one of practical importance, because of the very marked change now taking place in this Commonwealth in regard to the exercise of exclusive private dominion over what has heretofore been open country. There is a decided difference between boating, shooting, fishing, bathing, skating and even habitually passing over open tracts and sea-

shore properties, and the exercise of any of these uses in more thickly settled communities. Change in the character of the property itself may materially affect the nature of the user. Kilburn *v.* Adams, *supra.* Slater *v.* Gunn, 170 Mass. at page 514.

Prescription really rests, not on any lost grant, but on estoppel. The lost grant is merely a fiction, and like all legal fictions, a palpable one. Moreover, it is an old fiction, and the lost grant was the older method of expressing what is today frankly put upon the ground of estoppel as a matter of public policy. A man must not be silent when he ought to speak. When the knowledge of, and acquiescence of the owner in, user by third parties under a claim of right is presumed, it is because he has unreasonably slept on his own rights. Deerfield *v.* Connecticut River R. R., 144 Mass. 325, at 338. Commonwealth *v.* Fisk, 8 Met. 238 at 245.

But in the case at bar the user by the neighbors and the public did not for many years in any way interfere with the use by the owner of the property for his own purposes. Attempted prohibition on his part would have undoubtedly been deemed unreasonable, and would probably have been unsuccessful. The most persistent user of the pond was for skating. But no use of the ice was permitted that could conflict with the owner's expressed right to cut ice. This was the only use of the ice that had any value, and this right the owner exercised. When the time came when there was reason to assert complete dominion over the property, it does not seem to me that it can properly be said that that right was lost, because it had not been exercised when there was no reason for it.

And so in regard to the way claimed from road to road across the mill yard. The way was laid out for the convenience of the owner; the public used it as occasion required; the owner made no objection and had none; the public use was in no way inconsistent with the purpose for

which the path was laid out, nor could the public use, which was purely and passively permissive, be easily distinguished from the user which was actively and intentionally by license, and in accordance with the very purpose for which the path was constructed and maintained.  This latter intent in itself negatives any intent to dedicate.  That it should be used for travel between the two roads was a necessary part of the owner's own purposes and plan in laying it out.  Attorney-General *v.* Abbott, 154 Mass. 323.  Bowers *v.* Suffolk Mfg. Co., 4 Cush. 332.  Morse *v.* Stocker, 1 Allen, 150.  Durgin *v.* Lowell, 3 Allen, 398.  Fitchburg R. R. *v.* Page, 131 Mass. 391.  Sprow *v.* B. & A. R. R., *supra.*

So far as the rights claimed on behalf of the public in general is concerned, there is the further difficulty that the use by certain persons, or a certain class of persons, for their own purposes, even if sufficient to establish rights in them either personally or as a class, or as appurtenant to their estates, would, nevertheless, not establish a right in the general public.  Lufkin *v.* Haskins, 3 Pick. 355.  Sale *v.* Pratt, 19 Pick. 191.  McCreary *v.* B. & M. R. R., *supra.* Bourke *v.* Davis, L. R. 44 Ch. Div. 110.

Decree for petitioner.

W. C. Mellish for petitioner.

A. P. Rugg for respondents.