ANTONINA GRINUK & another *vs.* CHAPIN NATIONAL BANK.

Hampden. September 20, 1928. — November 8, 1928.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Attachment. Adverse Possession. Deed,* Recording.

At the time that an attachment of certain real estate was made, it stood in the name of one who had owned it nearly twenty-two years before, when he had conveyed it by a deed which was not recorded until two months after the attachment. There were subsequent conveyances of the real estate by deeds, all of which were duly recorded before the attachment. The last grantee by bill in equity sought to enjoin a sale on execution procured in the action in which the attachment was made, and a master to whom the suit was referred found facts showing a use of the lots during a period of more than twenty years preceding the date of the attachment which was consistent with a continuous claim of title to the lots by the plaintiff and his predecessors in title, with a possession which was open, notorious, exclusive and continuing for a period of more than twenty years. A decree granting the injunction was entered. *Held,* that

(1) The title of the plaintiff through derivation was adverse to that of the original grantor;

(2) On the date of the attachment the plaintiff had title to the land by reason of possession by himself and his predecessors in title for more than twenty years adversely to the judgment debtor;

(3) The final decree was warranted.

BILL IN EQUITY, filed in the Superior Court on October 5, 1922, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. After the filing of the master's report, the suit was heard by *Qua,* J., by whose order the final decree quoted in the opinion was entered. The defendant appealed.

*D. B. Hoar,* (*R. D. Houlihan* with him,) for the defendant.

*O. O. Lamontagne & W. G. Brownson,* for the plaintiffs, submitted a brief.

PIERCE, J.    This is an appeal by the defendant from a final decree, whereby the defendant "is permanently enjoined from selling on execution the real estate described in paragraphs 1 and 2 of the substitute bill, or either tract thereof, being lots 73 and 57 on plan of lots of Naomi C. Ward, recorded in Hampden County registry of deeds, book 484, page 601, and that the defendant be and hereby is ordered to discharge its attachment on said real estate within thirty days after the entry of final decree in this case."

William H. Robert took title to lots No. 57 and No. 73 under a deed from Naomi C. Ward, which was dated April 4, 1895, and duly recorded April 5, 1895.    Robert conveyed these lots to Joseph O. Beauchamp by deed dated May 18, 1897; this deed was not recorded in the registry of deeds until December 24, 1919.    Beauchamp conveyed these lots to Louis A. LaFrance and Octave A. LaRiviere by deed dated July 27, 1897, duly recorded on August 6, 1897. LaRiviere conveyed all his interests in these lots to LaFrance by deed dated February 17, 1914, duly recorded February 28, 1914.    LaFrance conveyed lot No. 73 to Antonina Grinuk, a plaintiff in this suit, by deed dated December 1, 1920, duly recorded on December 20, 1920; and conveyed lot No. 57 to Roger Robillard, the other plaintiff in this suit, by deed dated October 6, 1919, duly recorded October 11, 1919.

The action of the defendant against Robert was upon an obligation which accrued on January 18, 1918.    The writ is dated October 23, 1919.    An attachment was made on October 24, 1919, and, as Robert had died, judgment was recovered against his estate on August 7, 1922.    Execution issued on August 8, 1922, and the defendant made its levy upon said land under said attachment on August 18, 1922.

The bill alleges, in substance, that the defendant "is about to sell the aforesaid lots No. 57 and No. 73 to satisfy its execution . . . .    That the sale if made will be a cloud on the title of your petitioners . . . . That your petitioners have no adequate remedy at law" and pray (1) "That a temporary order issue restraining the respondent and its attorneys, servants and agents from selling the aforesaid land under the execution issued to it"; (2) "That the respondent, its

attorneys, servants or agents be permanently enjoined from selling the above described tract for the satisfaction of the aforesaid execution or of any other execution which may be issued in the aforesaid action"; and (3) "for such other relief as the court may see fit to grant."

The master to whom the case was referred found, among other findings, that "There is no evidence that the defendant had any knowledge, at or before the time of its attachment, that the title to said lots had passed from said Robert"; he made no finding of any actual possession in Beauchamp. The judge ruled on the facts found by the master that the deed from Robert to his grantee, Beauchamp, though dated May 18, 1897, was not recorded until December 24, 1919; that, by virtue of G. L. c. 183, § 4, "the defendant is entitled to have its rights determined as if the title had continued in Robert and had been conveyed by Robert to the defendant on the day of the attachment, unless the plaintiffs have shown that they or their predecessors in title have acquired a title by adverse possession." The parties agree that the quoted statement is the law.

The facts found by the master sufficiently establish that LaFrance and LaRiviere, on delivery of the deeds of Beauchamp, took possession of these lots, and there is no finding that Robert ever made any reë ıtry upon them. *Bowen* v. *Guild*, 130 Mass. 121. It is held in many cases, some of which are cited with approval in *Bassett* v. *Harwich*, 180 Mass. 585, that the title of a grantee through derivation is adverse to that of the grantor. "He enters and holds possession for himself, and not for the vendor." *Society for the Propagation of the Gospel in Foreign Parts* v. *Pawlet*, 4 Pet. 480, 507. He holds "adversely to all the world, including those from whom his title and possession are derived. The entry or the holding in such case imports no recognition of a subsisting title in another; by whose permission, and in subordination to whose subsisting and continuing title, the party entered or holds." *Clarke* v. *McClure*, 10 Grat. 305, 314. *Nowlin* v. *Reynolds*, 25 Grat. 137, 142. The grantor acquiesced in this adverse possession. He was "therefore dispossessed and disseized." *Boston & Worcester Rail Road*

v. *Sparhawk*, 5 Met. 469, 475. "The facts being given, the law determines whether the possession is or is not adverse. When once we know that possession is held by a person under a claim of title in himself, and the possession is of the kind required by law, and there is nothing shown to deprive it of its hostile character, it is hostile and adverse, and, where the party is claiming under an instrument purporting to pass the legal title, it is adverse even to the grantor." *Ketchum* v. *Spurlock*, 34 W.Va. 597, 599. *Murphy* v. *Commonwealth*, 187 Mass. 361. *McDonough* v. *Everett*, 237 Mass. 378.

The facts set out in the master's report show a use of the lots during a period of more than twenty years preceding the day of the attachment in the action of the defendant against Robert, which is consistent with a continuous claim of title to the lots by LaFrance, with a possession which was open, notorious, exclusive and continuing for a period of more than twenty years.

*Decree affirmed with costs.*