JAMES BYRNE & another *vs.* HENRY SAVOIE.

Bristol.    October 23, 1916. — December 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Way*, Public.    *Evidence*, Presumptions and burden of proof.    *Easement*, By
prescription.    *Prescription*.    *Dedication*.

At the hearing of a petition in the Land Court for the registration of the title to
certain land, a finding and ruling by the judge that a certain way which had
been used across the land from 1790 to 1893 had become a public way by
prescription was *held* to have been warranted by the facts that it had been
"used by the public for over one hundred years for all purposes for which a
public road would be used in such a district;" that "its course was well de-
fined;" that "it was not a mere tract through open and wild lands;" that it
was not "a way that could be mistaken for anything else than an ordinary coun-
try road;" that "it was worked as well as any country road through the woods
would be worked;" and that it "was used by all persons in the vicinity having
occasion to pass on foot or with vehicles between" two public highways "for
farm purposes, in connection with the quarries and ice houses in the neighbor-
hood, and for through travel."

Such facts give rise to a presumption of law that the old way originally was laid
out and established by competent authority.

Construction, by the owner of land which is subject to an easement of a public
way, of an equally sufficient and convenient way wholly upon adjacent land
owned by another person, and eighteen years' continuous use of such new way
in substitution for the old with the acquiescence of the owner of the adjacent
land, where the owner of the adjacent land was not a party to the construction
of the new way and its substitution for the old, do not operate to terminate the
easement of the old way nor to create an easement of a public way over the
new course.

PETITION, filed in the Land Court on December 30, 1913, for
the registration of the title to certain land in Fall River.

The petition was heard by *Davis*, J.    Material facts are de-
scribed in the opinion.    The judge ordered that the title of the
petitioners be registered subject to the rights of the public to pass
and repass over so much of their land as was included within the
limits "of the way now existing across the same."    The way
referred to is that described in the opinion as substituted by one
Whittaker for a public way which existed in 1893 across the locus
and across land next adjoining, then owned by Whittaker.

The petitioner alleged exceptions and in this court contended

(1) that "There is no public way over any part of the locus;" and (2) that "There is no public way over that part of the locus over which it is claimed there has been travel since 1893."

*C. P. Ryan,* for the petitioners.

*I. Brayton,* for the respondent.

PIERCE, J.  The conclusion of fact and ruling of law, that a public highway called the Old New Boston Road, created by prescription, from about 1790 to 1893 ran across the locus sought to be registered and thence across the Whittaker lot, which adjoins the locus on the west, into Locust Street at its junction with Hill Street, was fully warranted by the evidentiary facts, that it had been "used by the public for over one hundred years for all purposes for which a public road would be used in such a district;" that "its course was well defined;" that "it was not a mere tract through open and wild lands;" that it was not "a way that could be mistaken for anything else than an ordinary country road;" that "it was worked as well as any country road through the woods would be worked;" and that it "was used by all persons in the vicinity having occasion to pass on foot or with vehicles between the regular road to New Boston and Locust Street, for farm purposes, in connection with the quarries and ice houses in the neighborhood, and for through travel."

In 1893 the owner of the Whittaker lot "put a fence across the Old New Boston Road as travelled on the ground at the point where it entered his lot from the lot of the petitioners for which registration is now asked, but this fence was almost immediately removed and destroyed by the predecessor of the respondent. Thereupon Whittaker straightened the old road as travelled so as to carry it in its present location down through the lot for which registration is now asked into Locust Street, this lot being then covered with woods and its ownership not being known to Whittaker.  Whittaker then filled his land through which the old road had run from the present locus to Hill Street, making it into a front yard, building a wall and planting trees, and the way so built by him in place of the portion of the old road thus destroyed continued to be used as the old road had been by the public and as part thereof."  The action of Whittaker in diverting public travel from the highway over his lot to a way that he had without right constructed over the locus for a distance of

two hundred feet to Locust Street, and the ruling of the judge that a public easement of travel was thereupon created over the substituted way, bring us to the consideration of the principal and dominant question, whether as matter of law the owner of land subject to the easement of a public highway can terminate that burden and impose it upon adjacent land by constructing another equally sufficient and convenient way upon the contiguous land in substitution of the existing way, the owner of the last named land not being a party to such substitution but acquiescing therein with all other parties in interest for a period of eighteen years.

It is well settled that the owner of land subject to a right of way may, with the assent of the owner of the dominant estate, substitute on his own land a new way for the old way, and that when the change is actually made and a new way is thus adopted by them, it fixes and determines their respective rights by dedication or by estoppel. *Larned* v. *Larned,* 11 Met. 421. *Pope* v. *Devereux,* 5 Gray, 409. *Smith* v. *Lee,* 14 Gray, 473. *Smith* v. *Barnes,* 101 Mass. 275. *Epstein* v. *Dunbar,* 221 Mass. 579.

The facts found rebut the inference of permissive use that arises when a way runs entirely through an unenclosed forest or unimproved lands, and give rise to a conclusive presumption that the old way was originally laid out and established by competent authority. *Hewins* v. *Smith,* 11 Met. 241. *Commonwealth* v. *Coupe,* 128 Mass. 63. *Bassett* v. *Harwich,* 180 Mass. 585.

It was settled in the case of *Hobbs* v. *Lowell,* 19 Pick. 405, that a highway could be established in this Commonwealth by dedication, (see also *Larned* v. *Larned, supra*) with the assent express or implied of the city or town bound by law to keep it in repair. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332. But after St. 1846, c. 203, "this assent and acceptance . . . could only be given by laying out the street according to the ordinary mode prescribed by law; and any throwing open of a way to the public, or permitting the public to use it, would only amount to a license by the owner, which would afford a justification to all persons who should avail themselves of it, so that they would not be trespassers while it continued, but revocable at his pleasure." *Morse* v. *Stocker,* 1 Allen, 150, 154. *Moffatt* v. *Kenny,* 174 Mass. 311, 313. *Guild* v. *Shedd,* 150 Mass. 255.

In the case at bar no fact other than mere permissive acquiescence in the public use of the substituted way appears from which the intent of the owner of the lot to dedicate the way may be inferred, and this alone is not sufficient. There is no evidence that the city of Fall River ever laid out the way according to the ordinary mode prescribed by law, nor any of a way created by a public adverse use for more than twenty years, within the principles recognized and followed in *Bassett* v. *Harwich, supra,* and *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542.

It follows that the way across the locus and across the Whittaker lot, as it existed and was used before 1893, has never been legally discontinued, that the substituted way across the locus is not a servitude which that land must bear, that the ruling of the judge, that the substituted way was a public easement over the southerly portion of the locus, was error, and that the exception in this regard must be sustained.

*So ordered.*