JOHN A. BOORAS *vs.* FRANK A. LOGAN.

Suffolk. January 21, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Pleading and Practice*, Bill, Findings by judge, Decree, Appeal, Execution. *Equity Jurisdiction*, Specific performance, Retention of suit for assessment of damages.

The bill in a suit in equity contained allegations that the plaintiff had agreed to buy property from the defendant and had made a deposit on the purchase price; and prayers for specific performance of the agreement and for general relief, but no prayer for damages. The suit was heard by a judge of the Superior Court, who found that the plaintiff was entitled to a return of the deposit but not to specific performance, and who ordered the entry of a decree dismissing the bill "upon return to the plaintiff of . . . [the deposit]." No appeal was taken from the decree. A motion by the plaintiff for the issuance of execution in his favor for the amount of the deposit subsequently was denied. An appeal by the plaintiff from such denial was waived. It *was stated* that the decree was not a final decree, and that the motion by the plaintiff properly was denied.

More than five years after the entry of the decree in the suit in equity above described, a second decree was entered by order of another judge, reciting that the deposit had not been returned to the plaintiff;

that his right to recover it had not been in issue in the suit; and, in view of the previous findings by the first judge, dismissing the bill without prejudice to the right of the plaintiff to recover the deposit. The defendant appealed from the second decree. *Held*, that

(1) It appeared from the findings by the first judge that he had exercised his discretionary power to retain the suit for the assessment of damages; the prayer for general relief in the bill warranted the assessment of damages;

(2) Those findings showed that the right of the plaintiff to recover the deposit had been put in issue;

(3) The second decree did not conform to such findings and was reversed;

(4) The defendant was a "party aggrieved" by the second decree within the meaning of G. L. c. 214, § 19, and was entitled to appeal therefrom.


BILL IN EQUITY, filed in the Superior Court on January 31, 1922.

The bill and proceedings in the Superior Court are described in the opinion. The plaintiff appealed from the order denying the motion for execution, but subsequently waived the appeal. The decree of January 2, 1923, was entered by order of *Wait*, J., and that of July 26, 1928, by order of *Lummus*, J. The defendant appealed from the second decree.

*H. R. Donaghue*, for the defendant.

*N. W. Haines*, for the plaintiff, submitted a brief.

RUGG, C.J. The plaintiff by this suit sought specific performance of a written agreement made by the defendant to sell to him a going business and certain fixtures and chattels. It was alleged that the plaintiff, in accordance with the contract, paid to the defendant on account of the purchase $1,000, and that the defendant refused to perform his part of the contract. The case was heard before a judge of the Superior Court, who found as facts that specific performance of the agreement could not be compelled and that the "defendant offered to return the deposit. This the plaintiff is entitled to." He made an order for a decree. Pursuant thereto, on January 2, 1923, a decree was entered of this tenor: "This case came on to be heard upon merits, having been argued by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged and decreed upon return to the plaintiff

of the sum of One Thousand Dollars ($1,000) paid as deposit the bill be dismissed."

This was not a final decree either in form or substance. It did not unequivocally order that the bill be dismissed, but made such dismissal conditional upon the return of a specified sum of money to the plaintiff. It did not order the payment of that sum to the plaintiff by anybody. It simply stated in effect that upon the return to the plaintiff of that sum the bill would be dismissed. The decree was anticipatory in every essential. The case remained subject to further action by the court. *Loonie* v. *Wilson*, 233 Mass. 420, 423. *Cherry* v. *Cherry*, 253 Mass. 172, 176. "No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case." *Forbes* v. *Tuckerman*, 115 Mass. 115, 119. *Johnson's Case*, 242 Mass. 489, 494. *Malcolm* v. *Malcolm*, 257 Mass. 225, 228. It follows that the motion by the plaintiff for execution in his favor filed in June, 1924, was denied rightly.

On July 26, 1928, a decree was entered by another judge in which was a recital that "it appearing that no final decree has hitherto been entered," that the sum of one thousand dollars mentioned in the decree of January 2, 1923, had not been and was not likely to be returned to the plaintiff, and "that the right of the plaintiff to recover said sum was not put in issue in this suit and ought not to be adjudicated herein, but that upon the findings of fact made by" the judge who first heard the case, "no specific performance or other purely equitable relief can be given the plaintiff,— thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the bill be and hereby is dismissed, without prejudice to any right or remedy of the plaintiff to recover said sum." From this decree the defendant appealed. No evidence is reported with respect to any of the hearings. No appeal was taken from the decree of January 2, 1923.

The questions thus presented are whether the final decree was within the scope of the bill and could lawfully have been entered on the findings of fact made. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Ledoux* v. *Lariviere*, 261 Mass. 242, 244.

The bill contained no special prayer for damages. But it set out the payment by the plaintiff of $1,000 to the defendant and contained a prayer for general relief. The issue as to the right of the plaintiff to recover the $1,000 of the defendant was presented and decided at the first trial because the judge made definite findings to the effect that the defendant offered to return the money and that the plaintiff was entitled to it. These findings would have been vain and impertinent if that issue was not before the court. It is settled equity practice that, where peculiar equitable relief is denied, it is discretionary with the court either to retain the case for the assessment of damages, or to dismiss the bill with reservation to the plaintiff of his right to recover damages in an action at law. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 47, and cases cited. *Epstein* v. *Dunbar*, 221 Mass. 579, 584. *Grennan* v. *Murray-Miller Co.* 244 Mass. 336, 339. *Buckley* v. *Meer*, 251 Mass. 23, 26. The findings of the judge who entered the decree of January 2, 1923, as already set forth, indicate that he exercised his discretion in favor of bringing the litigation to an end by determining the damages in the present suit. The prayer for general relief was sufficient in the circumstances here disclosed to justify the assessment of damages. *Alden Bros. Co.* v. *Dunn*, 264 Mass. 355, 363, 364.

In view of these findings and the circumstances under which they were made, the recital in the decree of July 26, 1928, to the effect that the right of the plaintiff to recover the $1,000 was not put in issue and ought not to be adjudicated, was wrong. That right had been put in issue and adjudicated. The findings on that point were not set aside but were permitted to stand. The final decree therefore did not conform to the facts found. It ought to have included an order for payment by the defendant to the plaintiff of the sum found due. It must be reversed. The question of interest on the money due the plaintiff, in view of the long time which has elapsed, will be a matter for consideration in the framing of a new final decree.

Although the final decree from which the defendant appealed appeared to be in his favor, he nevertheless was a

"party aggrieved" and hence entitled to appeal, G. L. c. 214, § 19, because he had a right to insist that the damages found to be due from him be assessed in this proceeding and the litigation ended, rather than be made the subject of a new proceeding against him. *Monroe* v. *Cooper*, 235 Mass. 33, 34.

*Decree reversed.*