BOSTON CONSOLIDATED GAS COMPANY *vs.* FULTON D. OAKES.

Suffolk.    March 14, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Way*, Private.    *Deed*, Construction.    *Words*, "Provided."

The owner of certain land which bounded on two public ways and was crossed by a private way running from one of the ways to the other in a curved course from south to north, in 1896 conveyed two portions thereof which he designated lot C and lot B, lot C lying for about two hundred seventy-five feet along the easterly side of the northerly end of the private way, which was designated as lot A on the plan, and lot B lying southeast of and adjacent to lot C, being thirty feet wide, joining one of the public ways on the northeast and the private way on the southwest.    The deed contained the following: "Provided that the grantee of the lot of land marked 'B' on said plan shall convey to the grantor the same right in and over said lot marked B on said plan that the said grantor has in and over said lot marked A on said plan."    No such conveyance ever was made.    The grantee thereupon closed the northeasterly portion of lot A by building a fence at its junction with lot B, and graded lot B, which, with the southwesterly portion of the private way, made a continuous way connecting the two public ways.    The municipality installed sewer and water service therein, and throughout its entire course it was used as a way and designated as a street without interruption by the grantee in such deed and his successor in title.    Such successor in title in 1931 sought registration of his title.    A respondent, the owner of a parcel at the easterly end of lot B, which after 1896 had been conveyed to him by the grantor in the 1896 deed, contended that such registration should be subject to a right of way in him over the entire private way, thus partly formed by lot B.    A judge of the Land Court ruled that the deed of 1896 gave the respondent's predecessor in title only a right to demand a conveyance of rights of way in lot B and ordered registration of the title subject to a right of way in the respondent only over that part of lot B which was adjacent to his land.    *Held*, that

(1) Even though the quoted provision in the 1896 deed created a right of way which a court of equity would recognize and enforce only over lot B, that agreement and the acts of the parties following it indicated that they had in fact substituted a right of way over the entire way between the public ways in favor of the land afterwards conveyed to the respondent;

(2) Registration was ordered subject to a right of way in the respondent over the whole course of the substituted way.

PETITION, filed in the Land Court on June 16, 1931, for the registration of certain land in that part of Boston known as Jamaica Plain.

The petition was heard by *Smith,* J.  A reduced copy of the plan accompanying the deed in 1896 of Foss to the

Jamaica Plain Gas Light Company, described in the opinion is shown above.  Water Street is the way running from McBride Street through B to Williams Street.  The land afterwards conveyed by Foss to the respondent Fulton D. Oakes bounds on Williams Street, and on lot B on that plan for one hundred sixty feet.  Other material facts

found by the judge are stated in the opinion.    He filed a decision ordering the title registered subject in substance to a right of way in the respondent Fulton D. Oakes to pass and repass over that part of Water Street which was adjacent to his land.    The petitioner appealed from such decision, contending that whatever right the respondent had to such right of way had been lost by the failure of his predecessor in title, Foss, or of himself, to require Foss's grantee, the Jamaica Plain Gas Light Company, and its successor in title, the petitioner, to convey that right to him in accordance with the proviso in Foss's deed to the Jamaica Plain Gas Light Company.    The respondent alleged exceptions, contending in substance that in the circumstances, including subsequent conduct of the parties, a right over all of Water Street was given to his predecessor in title under the deed to the Jamaica Plain Gas Light Company.

*M. L. Lourie,* (*C. G. Smith, Jr.,* with him,) for the petitioner.

*W. I. Morse,* (*H. W. Loker* with him,) for the respondent.

SANDERSON, J.    This is a petition to register title to land. From the facts stated in the decision it appears that the parcel sought to be registered is bounded easterly by Washington Street, northerly by Williams Street, westerly by railroad land and southerly by McBride Street, but not including in the description three parcels of land shown on the plan.    The respondent's land is one of these three parcels and bounds on Williams Street and also on a way designated on the plan filed with the petition as Water Street, which runs from Williams Street on the north to McBride Street on the south.    The petitioner claims to own in fee simple all the land included in Water Street free from all easements or encumbrances except the sewer easement therein of the city of Boston.    The respondent claims as appurtenant to his land general rights of way over the whole of Water Street in common with others legally entitled thereto.

The judge of the Land Court ruled that the decree in the case must be made subject to a right of way in favor

of the respondent's land, but limited this right to that part of Water Street upon which his land bounds. From this decision the petitioner appealed. The respondent excepted to the refusal of the trial judge to order and decree that the respondent is the owner of the rights and easements claimed by him in the whole of Water Street.

Formerly the real estate of the petitioner and that of the respondent were included in a tract owned by one person and shown on a recorded plan. This plan showed a private way, called Keyes Place, extending across the property from the street, now called McBride Street, on the south in a general northerly and northeasterly direction to the northerly line of the tract. Later Williams Street was laid out through the tract from Washington Street in a northwesterly direction crossing the northerly end of Keyes Place. Keyes Place, extending from McBride Street to Williams Street, also appears on a plan, dated 1896, and recorded with the registry of deeds. This plan shows a new location of the northerly portion of Keyes Place, the new location being designated on the plan as lot B, the old location as lot A, and the intervening land as lot C. The lines of Water Street as shown on the plan filed with the petition coincide with the lines of Keyes Place on the earlier plan from McBride Street to the point where the new location of a part of Keyes Place began; and from that point to Williams Street, Water Street coincides with the new location referred to on the plan of 1896 as lot B.

In 1860, one Sumner obtained title to the lots above referred to marked B and C, and to a lot adjoining B, with the right appurtenant thereto to pass and repass over Keyes Place, although Sumner did not acquire any other title to or interest in Keyes Place.

In 1892 the successors in title to Sumner conveyed to Eugene N. Foss land bounding on Williams and Washington streets and Keyes Place, which was shown on a plan recorded when the deeds to Foss were recorded, although the deeds made no reference to the plan. The plan was apparently designed to show the land conveyed, and Keyes Place is not delineated thereon beyond the limits of that

land.  We interpret the conveyance to Foss to have given him as appurtenant to the land conveyed the same right to pass and repass over Keyes Place from McBride to Williams streets which his predecessor in title had.  *Dubinsky* v. *Cama*, 261 Mass. 47, 56.

In 1896 Foss conveyed to the Jamaica Plain Gas Light Company adjoining lots designated on the plan and in the deed as lots C and B.  In the deed lot B was bounded easterly on Williams Street 30 feet; northerly by lot C on the plan; westerly by Keyes Place 88.35 feet; southerly by other land of the grantor.  At the point where lot B joins Keyes Place its westerly line extended is shown crossing Keyes Place by a curved line as though it was intended to be a continuous way.  In this opinion when lot B is mentioned the reference is to the lot so designated on the 1896 plan recorded with the deed from Foss, to avoid confusion which might arise because of the fact that on the plan filed with the petition the whole of Water Street seems to be designated as B.  Following the description in the deed from Foss were these words: "Provided that the grantee of the lot of land marked 'B' on said plan shall convey to the grantor the same right in and over said lot marked B on said plan that the said grantor has in and over said lot marked A. on said plan."  This conveyance left no land of Foss adjacent to Keyes Place as theretofore located.

In 1905 the Jamaica Plain Gas Light Company conveyed all of its property to the petitioner.  In 1927 Foss conveyed to the respondent the land now owned by him and shown on a plan bounding on Williams Street, Water Street, land of McKinnon and other land of the grantor.  The part of Water Street shown on this plan was that on which the granted land bounds.  No conveyance has been made to Foss of the same rights in the lot marked B that he had had in the lot marked A.

The land referred to as lot B, together with that portion of Keyes Place between lot B and McBride Street, has remained open and unobstructed by the Jamaica Plain Gas Light Company and its successor in title, the petitioner, since the purchase of lot B from Foss.  Lot B and

the portion of Keyes Place referred to form a continuous street which for many years has been known as Water Street and is so designated on the plan filed by the petitioner. The city of Boston has installed sewer and water service therein and the west side of Water Street has usually been fenced. The respondent since his purchase has used Water Street as a way to go to and from his building. From time to time lot B, which formed the northerly part of Water Street, has been graded by the petitioner and its predecessors in title and made passable for travel.

It was agreed that Foss, if present at the trial as a witness called by the respondent, would testify in reference to his 1896 deed to the gas company and the plan recorded therewith "(1) that the Gas Company caused them both to be prepared and he signed and delivered the deed as drawn, (2) that no suggestion then was made to him that the Gas Company should convey to him rights in lot B, (3) that he always supposed he had the same rights in lot B which he formerly had in lot A, (4) that he subsequently travelled over Water Street from Williams Street to McBride Street under a claim of right and without objection, (5) that he told Oakes in 1927 when he sold that he did not own the fee of Water Street but did have the right to use it, and (6) that in 1925 the city of Boston built a sewer in Water Street and assessed him a betterment tax of $379.82 which he paid."

The judge of the Land Court found and ruled that the respondent has no rights in law under the Foss deed of 1896 to the gas company, but that the clause therein quoted above created a personal agreement binding on the grantee in favor of the grantor, enforceable in equity; that the grantor never brought an action during his thirty-one years of ownership, but those claiming under the grantee took with notice and are bound in equity to perform the agreement.

The word "provided" may appropriately be used by parties to a deed to create a condition subsequent, but its use does not require the conclusion that such a condition has been created. *Rawson* v. *Uxbridge*, 7 Allen, 125. *Chapin* v. *Harris*, 8 Allen, 594. *Cassidy* v. *Mason*, 171 Mass. 507.

Such conditions are not favored in the law, and we are of opinion that, when the terms of the deed are considered in the light of the circumstances disclosed by the record, a finding or ruling that a condition subsequent had been created by the language used in the deed would not have been justified. The trial judge was right in his conclusion that the agreement in the deed from Foss created a right of way for the benefit of his land enforceable in equity. *Bailey* v. *Agawam National Bank*, 190 Mass. 20. *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91. *Wilson* v. *Middlesex Co.* 244 Mass. 224. *Thayer-Foss Co.* v. *Woburn*, 269 Mass. 186. The rights which the grantor was to have in a part of the land conveyed were for the benefit of his remaining land, and apparently the reason for conveying a lot thirty feet in width adjoining the grantor's remaining land with the agreement for the grant of similar rights over it which the grantor had had in the part of Keyes Place designated as A was to enable the grantor to use this new way as he had used the old, not only to reach Williams Street but also to reach the remaining part of Keyes Place, as the way was then designated, to pass thereon to McBride Street. It did not appear that Foss in making the conveyance intended to give up his rights in any part of Keyes Place excepting the part referred to as lot A. If it had been intended that Foss should give up rights in the part of Keyes Place not described in the deed it would seem that some reference would have been made to rights which the grantor had enjoyed in the whole of Keyes Place rather than in a part of it. There was nothing to indicate an intention that he should not use his new rights in lot B to enter upon and go over the remaining part of Keyes Place as he had used lot A for the same purpose. Even though the provision in the deed created a right of way which a court of equity would recognize and enforce, the agreement in the deed and the acts of the parties following it tend to indicate that they had in fact substituted a right of way in favor of the Foss land in the new part of the way designated B for similar rights which had formerly existed in the part of that way designated A.

In *Byrne* v. *Savoie*, 225 Mass. 338, 340, the court said: "It is well settled that the owner of land subject to a right of way may, with the assent of the owner of the dominant estate, substitute on his own land a new way for the old way, and that when the change is actually made and a new way is thus adopted by them, it fixes and determines their respective rights by dedication or by estoppel." See *Davis* v. *Sikes*, 254 Mass. 540, 546, 547.

The owner of lot A which was subject to a right of way in favor of the Foss land, after obtaining title to lot B, graded it for use as a way. He also obstructed lot A by building a fence across its southerly end. Upon these facts the case is brought within the rule stated in *Byrne* v. *Savoie*, 225 Mass. 338, 340, and the parties must be held to have substituted in favor of Foss's land the rights of way in lot B which had existed in lot A before the conveyance. In *Mahon* v. *Tully*, 245 Mass. 571, 576, the court said: "The easement before the conveyance in 1865 was appurtenant not alone to the parcel to which one of its termini was directly attached, but was appurtenant to the whole lot and to each and every part of it. The deed of Baker to the Sheldons in 1865 did not destroy the easement as appurtenant to the land retained by Baker or deprive it of the benefits of that easement in so far as there might exist means for its enjoyment." In the case at bar one of the termini of the new way reached the part of Water Street in which no rights were released. This fact in and of itself would be sufficient to continue the rights of the grantor in that part of Water Street which had theretofore existed. The plans filed with the deed to Foss and the deed from Foss to Oakes do not limit or confine the rights of the respondent to that portion of the way which abuts the respondent's land, even though the whole of Water Street is not shown thereon.

We are of opinion that the trial judge was right in ruling that the decree must be made subject to a right of way in favor of the respondent's land, but that he erred in limiting that right to the part of Water Street shown on the filed plan which lies north of the south line of the respondent's land as shown on that plan. The decree is to be made sub-

ject to a right of way in favor of the respondent's land over the whole of Water Street from Williams Street to McBride Street.

*Petitioner's appeal dismissed.*
*Respondent's exceptions sustained.*