Eugene L. Peabody & another *vs.* Malvina Dymsza & another.

Suffolk.     October 5, 1932. — October 6, 1932.

Present: Rugg, C.J., Crosby, Wait, Donahue, & Lummus, JJ.

*Equity Pleading and Practice*, Amendment, Appeal, Findings by judge.
   *Equity Jurisdiction*, Rescission, Retention for assessment of damages.
   *Damages*, In suit in equity.

Where, in a suit in equity for rescission of an exchange of real estate by
   reason of deceit on the part of the defendant, and for damages, it was
   found that the plaintiff was induced to make the exchange through
   fraud and misrepresentations by the defendant, but that the plaintiff
   was barred from rescinding by laches and by his having sold some of
   the property received by him in the transaction, it was proper for the
   trial judge to deny relief by way of rescission and to retain the suit
   for the assessment of damages.
The evidence not being reported on an appeal from a final decree in a
   suit in equity and it appearing that the facts found by the trial judge
   were not inconsistent nor incompatible, the only questions open in this
   court were whether the final decree was within the scope of the bill
   and was supported by the facts found; the findings of fact by the
   trial judge must be accepted as true, and it was not open to the appel-
   lant to contend that the findings were not supported by the evidence.

Bill in equity, filed in the Superior Court on November
29, 1930, and afterwards amended, for rescission of an
exchange of real estate.

The bill as first amended contained a prayer for general
relief. A motion to amend the bill further by adding a
prayer for damages was allowed by *Whiting*, J. There was
no appeal from the allowance of the motion. The suit
thereafter was heard by the judge. Material facts found by
him, and the terms of a final decree entered by order of
*Macleod*, J., are described in the opinion. The defendants
appealed from the final decree. They did not contend in
this court that there was error in the allowance of said
motion to amend the bill.

*G. A. Douglas*, for the defendants, submitted a brief.
*F. G. Hart*, for the plaintiffs.

RUGG, C.J. The plaintiffs seek in this suit in equity to rescind an exchange of real estate between the parties on the ground of fraud and deceit by the defendants Dymsza (hereafter called the defendants) whereby the plaintiffs were induced to enter into the transaction, to recover their damages and to obtain other relief. The case comes before us on appeal from a final decree entered pursuant to findings of fact made by the trial judge. No evidence is reported. In brief it was found that the plaintiffs were induced to their harm to make the exchange through the fraud and misrepresentations of the defendants and their agent, but that they were barred from rescinding the exchange by laches and by the sale of some of the property received by them in the transaction. The trial judge decided that the bill should be retained for the assessment of damages which he proceeded to assess. A decree was entered in favor of the plaintiffs for the amount of damages thus found to have been sustained.

Even if it be assumed that amendment to the bill by adding a prayer for damages was necessary, *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 568, G. L. (Ter. Ed.) c. 214, § 12, the allowance of an amendment of that nature rested in the sound judicial discretion of the trial judge. *Knox* v. *Springfield,* 273 Mass. 109.

It was proper practice for the chancery court to retain jurisdiction of the case for the assessment of damages although peculiar equitable relief was denied. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47.

Since there is no report of the evidence, the only questions open on appeal are whether the final decree was within the scope of the bill and was supported by the facts found. *First Baptist Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189. *Booras* v. *Logan,* 266 Mass. 172, 174. Manifestly a decree for money damages was within the scope of the bill. It has not been argued that the facts found do not support the final decree. The argument of the defendants is that the findings of fact were not supported by the evidence. That argument is vain because the evidence is not reported. The findings of fact made by the

trial judge must be accepted as true. *Commissioner of Banks in re Cosmopolitan Trust Co.* 249 Mass. 144, 147. *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 267. *Choate* v. *Sharon,* 259 Mass. 478, 482. *Melville Shoe Corp.* v. *Kozminsky,* 268 Mass. 172, 174. *Kavanaugh* v. *Kavanaugh,* 279 Mass. 238. The only question open is whether "the specific facts stated are necessarily inconsistent with the general conclusion reached." *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110, 111. *Wood* v. *Culhane,* 265 Mass. 555, 556. It is too plain for discussion that this objection, even if made, could not be supported. There is no inconsistency or incompatibility in the facts found.

*Decree affirmed with costs.*