GEORGE KARAS *vs.* CARRIE KARAS & others.

Suffolk.    November 22, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Trust,* Resulting.

A final decree dismissing, the bill was proper in a suit in equity by a husband against his wife seeking that she be ordered to convey to him a one-half interest in certain real estate, on findings, without a report of the evidence, that "most, if not all" of the cash paid in the purchase of the property was supplied by the plaintiff; that the title was taken in the defendant's name upon the understanding of the parties that the property should be held by her for their joint benefit; that money used in making payments against mortgages upon the property was contributed "substantially, if not wholly," by the plaintiff; and that the parties later separated, there being no finding that either party was to have a definite share in the property: on the facts, no resulting trust of any interest in the property arose in the plaintiff's favor by implication of law, nor was the plaintiff entitled to a conveyance on the theory of failure of consideration.

BILL IN EQUITY, filed in the Superior Court on November 28, 1933.

The plaintiff prayed, among other things, that his "interest in . . . [certain] real estate and profits accrued therefrom be established" and that the defendant Carrie Karas be ordered to convey to him a one-half interest in the real estate.

The suit was heard by *Greenhalge,* J. Material findings by him are stated in the opinion. A final decree dismissing the bill was entered by his order. The plaintiff appealed. The evidence was not reported.

The case was submitted on briefs.

*F. L. Simpson & L. Lebowitz,* for the plaintiff.

*H. J. Booras & J. A. Edgerly,* for the defendant Carrie Karas.

RUGG, C.J. This suit in equity is brought by a husband against his wife to establish a trust in certain real estate. The case was tried by a judge who filed a statement of findings of fact. Those facts, so far as material to the decision of this case, are these: The plaintiff and the defendant were married in 1919; both were thereafter employed intermittently in business or labor, but the chief source of income of the plaintiff was "bootlegging" and the greater part of the funds used in connection with the real estate here in question came from that source. In 1921 this real estate, after discussion between the husband and wife, was purchased, the plaintiff intending that the property so purchased should be the joint property of both. The title was taken in the name of the defendant instead of in the names of both because the plaintiff was or expected to be in business and did not desire to expose the real estate to hazards arising out of such business. The purchase price of the property was $8,350, of which $200 was paid down in cash, $1,200 in cash on passing the papers, and the balance in two mortgages, one for $5,000 and the other for $1,950. Most, if not all, of the cash was furnished by the plaintiff. There was no express promise on the part of the defendant "to put the house in both names" before or at the time of the purchase. Subsequently the first mortgage was discharged by a loan from a coöperative bank, upon which considerable payments have been made, and the sec-

ond mortgage has been paid by funds substantially, if not wholly, contributed by the plaintiff. The plaintiff has left the defendant and has not lived with her since September, 1932; both have filed libels for divorce which are now pending. It was the intention and understanding of the plaintiff and the defendant that all funds and property should be held by the defendant for their joint benefit, and this intention and understanding continued until the plaintiff left the defendant. The plaintiff has requested the defendant to convey to him a one-half interest in the real estate, and she has refused and still refuses to do so. During the ownership of this real estate the defendant has collected a substantial part of the rent and income, and since the plaintiff left the defendant she has taken and applied to her own uses the income received from the real estate.

Upon these facts and the pleadings the judge found and ruled: "it is clear that it was intended that the defendant should have an interest in the estate by way of gift, settlement or advancement, and I rule that the property having been placed in his wife's name in part for her own benefit, there was no resulting trust in favor of the plaintiff." From a decree dismissing the bill the plaintiff appealed.

The evidence is not reported. The findings are not inconsistent on their face and must be accepted as true. Therefore the only questions open are whether the final decree was within the scope of the bill and was supported by the facts found. The entry of the final decree dismissing the bill imports the drawing of proper inferences against the plaintiff so far as necessary to that result. *Booras* v. *Logan*, 266 Mass. 172, 174. *Peabody* v. *Dymsza*, 280 Mass. 341, 342. *Seager* v. *Dauphinee*, 284 Mass. 96.

The plaintiff necessarily rests his case on the principle that a resulting trust arises by implication of law and is enforced in equity where one pays a specified sum of money for a definite share in real estate the legal title to which is taken in the name of another. A general contribution of a sum of money toward the entire purchase is not sufficient

to produce this result. The contribution must be of a clearly defined sum of money and the share of the estate must be the whole or an exact part. *Quinn* v. *Quinn,* 260 Mass. 494, 501–502, and cases collected. *Druker* v. *Druker,* 268 Mass. 334, 340–341. *Epstein* v. *Epstein,* 287 Mass. 248, 252.

The facts found do not bring the case at bar within that principle. The utmost extent of the finding is that most, if not all, of the consideration for the conveyance was paid by the plaintiff. That falls short of a finding that the consideration in its entirety was paid by him. There is no finding that the plaintiff was to have a definite share in the property. The wife was to have some share also undefined. *Ferguson* v. *Winchester Trust Co.* 267 Mass. 397, 400. The case at bar is distinguishable from *O'Brien* v. *O'Brien,* 256 Mass. 308. The plaintiff is not entitled to reconveyance on the theory of failure of consideration. Nothing in *Young* v. *Young,* 251 Mass. 218, requires this result.

*Decree affirmed with costs.*