THE TRISTRAM'S GROUP, INC. *vs.* HAROLD S. MORROW. August 8, 1986. *Contract,* Option, Sale of real estate. *Option. Tender. Laches. Deed,* Construction, Condition.

Tristram's Landing, Inc. (predecessor of the plaintiff, The Tristram's Group, Inc.), then the owner and developer of the Tristram's Landing subdivision in Nantucket, by deed dated September 30, 1968, conveyed lot 275 to the defendant, Morrow. The price was $6,000. The deed was recorded on October 18, 1968, and the Nantucket Registry District issued to the defendant Certificate of Title No. 5655 with the defendant, Morrow, as registered owner.

The deed carried seventeen "deed restrictions" dealing with restrictions on use and other things, of which the fourteenth read as follows:

> "14. If a dwelling has not been constructed on each lot herein conveyed within a period of four (4) years from the purchase date, the grantors reserve the right to repurchase within 90 days thereafter said lot or lots for same purchase price as this conveyance."

On November 8, 1972, an attorney for Tristram's Landing, Inc., wrote to the defendant, and, noting that no dwelling had been constructed on lot 275, stated:

"Accordingly, Tristram's Landing has deposited with this office the sum of $6000.00 to be held in escrow for delivery upon the receipt and recording of a duly certified quitclaim deed of said premises, together with your owner's duplicate Certificate of Title, conveying said premises to Tristram's Landing, Inc., free and clear of all encumbrances placed upon said premises subsequent to the recording of Tristram's deed.

"The Massachusetts excise tax on your conveyance of Lot 275 is $13.70, and we shall debit the sum from the $6000.00 due you and we will forward the sum of $5986.30 as soon as the deed is recorded with Nantucket Registry of Deeds." The letter enclosed a quitclaim deed with instructions to the defendant to execute it before a notary public.

The defendant did not respond to the letter. On December 21, 1972, Tristram's Landing, Inc., filed with the Registry District a "Statement of Adverse Claim" as document No. 14050, which referred to the letter of November 8, 1972. (See G. L. c. 185, § 112.)

Some eleven years later, on May 10, 1984, the plaintiff corporation, The Tristram's Group, Inc., claiming as "assignee and successor in interest to certain rights" of Tristram's Landing, Inc., commenced the present action in Land Court against the defendant to establish the adverse claim. After trial, a judge held against the plaintiff's claim and in favor of the defendant's corresponding counterclaim and ordered that the adverse claim be struck from the certificate of title. We affirm, and do but put in other words the substance of the judge's memorandum of decision.

1. We agree with the judge that restriction 14 is properly characterized as an option reserved to the grantors. An option, being unilateral in its nature, and likely to be exercised when advantageous to the holder of the option and perhaps disadvantageous to the person subject to it, must be exercised, if it is exercised at all, by turning corners squarely. See *Loitherstein* v. *International Business Machines Corp.*, 11 Mass. App. Ct. 91, 94 (1980), and cases cited. Here we have a statement that money will be paid after the defendant comes forward and records a quitclaim deed. Where the option instrument does not provide that it may be exercised by a mere statement of intention, the proper method of its exercise is by a formal tender of payment of the price. See *Hunt* v. *Bassett,* 269 Mass. 298, 302 (1929); *Hurd* v. *Cormier,* 358 Mass. 736, 738 (1971); *Roberts-Neustadter Furs, Inc.* v. *Simon,* 17 Mass. App. Ct. 262, 265 (1983). We accept the judge's ruling that there was a failure of proper tender.[1]

2. We agree, too, that at all events the plaintiff's claim is barred through the operation of laches. For eleven years the plaintiff (or predecessor) took no steps to attempt to establish its adverse claim. "The long delay," said the judge, "led the defendant to believe that the plaintiff would not insist upon a reconveyance"; the defendant remained as registered owner and paid the real estate taxes on the property. The value of the property having risen to not less than $50,000, and all risk for practical purposes having disappeared, the plaintiff now chose to sue. Its position is inequitable. Laches is a question of fact, and we have no reason to disturb the judge's ruling. See *Myers* v. *Salin,* 13 Mass. App. Ct. 127, 138 (1982).

3. Attempting to avoid the adverse consequences to it that derive from a reading of restriction 14 as an option, the plaintiff advances an argument that the deed restriction should be read as creating a fee simple subject to a condition subsequent. In any doubtful case, such an interpretation is disfavored. See *Boston Consol. Gas Co.* v. *Oakes,* 279 Mass. 230, 235-236 (1932); and generally Restatement of Property § 45 comment i (1936); 1 American Law of Property § 2.8 (Casner ed. 1952). Here the text of the

---

[1] The judge said an offer to pay the purchase price against delivery of the deed at the Registry of Deeds might have been sufficient, since this was the usual provision in a purchase and sale agreement; but, "[w]hatever the median ground may be, the plaintiff's predecessors did not reach it in this case." The judge did not attach importance to the deduction of the amount of the excise tax.

reservation is very far from supporting that interpretation. See Restatement of Property § 45 comments j and n (1936). If the interpretation were perchance adopted, the plaintiff would still encounter grave difficulties in showing that it had so acted as to establish a right to the fee by its actions within the ninety-day period provided by deed restriction 14. See *Treasurer & Recr. Gen.* v. *Revere Sugar Refinery,* 247 Mass. 483, 489-490 (1924); *Dyer* v. *Siano,* 298 Mass. 537, 539 (1937).

4. We need not reach the defendant's argument that the option was intended for exercise only by the "grantors" — stated, in the deed, to be Tristram's Landing, Inc. — and did not pass to the present plaintiff. (In 1978 Tristram's Landing, Inc., was liquidated and its assets were distributed to the sole stockholder, Lindsey R. Perry. On April 19, 1984, anticipating the commencement of the present action, Perry assigned his rights under the deed restrictions to the present plaintiff.)

*Judgment affirmed.*

*Stuart T. Rossman* for the plaintiff.
*Thomas G. Waldstein* for the defendant.